**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DANIEL SUBIA, ID # 1545214,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:11-CV-218-K-BH** |
| | ) | |
| **ROBERT MARQUARDT, et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

Plaintiff filed this suit against the defendants on or about February 7, 2011. After granting him leave to proceed *in forma pauperis*, the Court sent him a questionnaire ("MJQ") on February 10, 2011, seeking additional information about his claims. The questionnaire stated that the answers were due within thirty days and warned that failure to provide answers could result in the dismissal of the suit for failure to prosecute. More than thirty days have passed, but Plaintiff has not filed either a response to the questionnaire or anything else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has

failed to comply with the February 10, 2011 order requiring that he file answers to the questionnaire

within thirty days, and he has not filed anything else in the case. Because it appears that he does not

intend to proceed with his case, it should be dismissed for failure to prosecute or follow court orders.

## III. RECOMMENDATION

This case should be dismissed without prejudice for want of prosecution or failure to follow

court orders pursuant to Fed. R. Civ. P. 41(b), unless Plaintiff files answers to the questionnaire

within the time for objecting to this recommendation.

**SIGNED this 28th day of March, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE